IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Brittany Johnson, | Case No.: 4:23-cv-01045-JDA |
| Petitioner, | |
| v. | **OPINION AND ORDER** |
| Devin Gadson, *Warden of Camille Griffin Graham Correctional Institution*, | |
| Respondent. | |

Petitioner, a state prisoner represented by counsel, seeks habeas corpus relief pursuant to 28 U.S.C. § 2254. This matter is before the Court on Respondent's motion for summary judgment. [Doc. 13.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings.

On December 27, 2023, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that Respondent's motion for summary judgment be granted. [Doc. 22.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. [Doc. 22-1.] Petitioner filed objections to the Report on January 22, 2024, and Respondent filed a reply to the objections on February 5, 2024.[1] [Docs. 26; 29.]

---

[1] The case was reassigned to the undersigned on February 16, 2024. [Doc. 30.]

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

**APPLICABLE LAW**

Federal courts may not grant habeas corpus relief on any claim that was adjudicated on the merits in state court unless the underlying state adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established

federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision," and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 562 U.S. 86, 101–02 (2011). Moreover, state court factual determinations are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## DISCUSSION

In her habeas petition, Petitioner raises six grounds for relief, which the Court quotes substantially verbatim:

> GROUND ONE: Ineffective assistance of counsel for trial counsel's failure to object to the charge of inferred malice.
>
> GROUND TWO: Ineffective assistance of counsel for trial counsel's failure to object to "seek the truth" language directed to the jury.
>
> GROUND THREE: The South Carolina Supreme Court erred in determining Petitioner did not invoke her right to counsel prior to giving a statement to law enforcement in this case.
>
> GROUND FOUR: The South Carolina Court of Appeals erred in determining the trial court was not required to instruct the jury on self-defense in Petitioner's trial.
>
> GROUND FIVE: The South Carolina Court of Appeals erred in determining the trial court was not required to instruct the jury on involuntary manslaughter in Petitioner's trial.
>
> GROUND SIX: Trial counsel was ineffective for allowing the judge to block his questioning related to the Petitioner's intent at the time of the shooting.

[Doc. 1 at 4–9.] The Court addresses these grounds seriatim.

3

**Ground One**

In analyzing Petitioner's claim that her trial counsel was ineffective for failing to object to the charge of inferred malice from the use of a weapon, the Magistrate Judge considered the test in *Strickland v. Washington*, 466 U.S. 668 (1984), and the standard under § 2254(d)[2] and concluded that "the PCR court correctly applied the Strickland standard to this claim and found no prejudice." [Doc. 22 at 12–18]; *see Strickland*, 466 U.S. at 687 (establishing that to challenge a conviction based on ineffective assistance of counsel, a prisoner must prove two elements: (1) his counsel was deficient in his representation and (2) he was prejudiced as a result). The Magistrate Judge specifically found that "the PCR court was reasonable in finding that due to the significant evidence of malice other than [Petitioner's] use of [a] deadly weapon, there was no reasonable probability the erroneous jury instruction contributed to the guilty verdict. Thus, Petitioner failed to meet her burden of proving prejudice by Counsel's failure to object to it." [Doc. 22 at 18.]

In her objections, Petitioner contends that the finding that the failure to object did not prejudice Petitioner is "an unreasonable determination of the facts in this case" and that "[t]he trial testimony directly refutes this finding." [Doc. 26 at 1–2.] Petitioner argues that testimony at trial indicated she was not the primary aggressor at the time of the

---

[2] This Court's review of a state court's adjudication of the merits of an ineffective assistance of counsel claim is "doubly deferential"—highly deferential to counsel under *Strickland* and highly deferential to state courts under 28 U.S.C. § 2254(d). *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). Thus, "[w]hen § 2254(d) applies, the question is not whether counsel's actions were reasonable" but instead "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Richter*, 562 U.S. at 105.

shooting, that intent "was the critical issue" throughout the trial, and that the "key piece of evidence to prove malice was [Petitioner's] possession of a gun." [*Id.* at 2–3.]

Under the Sixth Amendment, Petitioner, as a criminal defendant, had a right to effective assistance of counsel. *Strickland*, 466 U.S. at 686. The Magistrate Judge concluded that the PCR court was reasonable in finding there was no reasonable probability the erroneous jury instruction contributed to Petitioner's guilty verdict because of the significant evidence of malice other than Petitioner's use of a deadly weapon. [Doc. 22 at 17–18.] As noted by both the PCR court and the Magistrate Judge, Petitioner testified at her trial that she stood outside the victim's home the day before the shooting and said, "Come on out and eat – eat the bullets," and other witnesses testified that, after she shot the victim, Petitioner stated repeatedly, "I told you I was going to get you, bitch." [App. 201, 234, 377–78 (internal quotation marks omitted).[3]] On this record, Petitioner cannot show that the PCR court's determination that there was no reasonable probability the erroneous jury instruction contributed to Petitioner's guilty verdict was an unreasonable factual determination. Accordingly, the Court agrees with the Magistrate Judge that Respondent is entitled to summary judgment on Ground One.

**Ground Two**

In analyzing Petitioner's claim that her trial counsel was ineffective for failing to object to "seek the truth" language,[4] the Magistrate Judge again considered the test in

---

[3] The Appendix can be found at Docket Entry Numbers 12-1 through 12-2.

[4] As the South Carolina Supreme Court has noted, "[j]ury instructions on reasonable doubt which charge the jury to 'seek the truth' are disfavored because they run the risk of unconstitutionally shifting the burden of proof to a defendant." *State v. Aleksey*, 538 S.E.2d 248, 251 (S.C. 2000).

*Strickland* and the standard under § 2254(d) and concluded that "the PCR court's determination was not an unreasonable application of the law, nor was it an unreasonable application of Strickland" and that "the PCR court was reasonable in finding that Petitioner failed to show prejudice." [Doc. 22 at 12–14, 18–26]; *see Strickland*, 466 U.S. at 687.

In her objections, Petitioner contends that the PCR court was unreasonable in "find[ing] the facts of this case identical to *Aleksey*." [Doc. 26 at 5.] Petitioner argues that "the nature of the dispute" in her case, which centered around Petitioner's intent at the time of the shooting, "required that the charge related to witnesses should be more carefully reviewed." [*Id.*]

The Magistrate Judge concluded, based on a review of the jury instructions as a whole, that the PCR court was reasonable in finding there was no reasonable probability the jury applied the "seek the truth" language in a way that violates the Constitution because the instructions stated multiple times that the burden was on the state to prove guilt beyond a reasonable doubt. [Doc. 22 at 22–26.] The Court agrees. South Carolina courts have determined there is no prejudice from truth-seeking language where the jury charges as a whole are reasonably free from error. *See, e.g., State v. Beaty*, 813 S.E.2d 502, 506 (S.C. 2018) (looking to the entire trial record and the entirety of the judge's comments and finding that, although the language should have been avoided, the defendant had not shown any prejudice); *State v. Pradubsri*, 803 S.E.2d 724, 730 (S.C. Ct. App. 2017). As both the PCR court and the Magistrate Judge noted, the truth-seeking language in this case appeared in the portion of the charge related to the jury's role as being the judge of the credibility of the witnesses, and, throughout the charges, the trial court repeatedly explained in detail the state's burden of proving Petitioner's guilt beyond

6

a reasonable doubt. [App. 406–21, 459–61.] Based on this record, Petitioner cannot show that the PCR court's determination that she was not prejudiced by trial counsel's failure to object to the truth-seeking language was unreasonable. Accordingly, the Court agrees with the Magistrate Judge and grants summary judgment to Respondent on Ground Two.

**Ground Three**

In analyzing Petitioner's claim that the Supreme Court of South Carolina erred in determining she did not invoke her right to counsel before giving a statement to police, the Magistrate Judge referenced the deference afforded to the PCR court as well as the *Strickland* standard for ineffective assistance of counsel claims. [Doc. 22 at 28, 29–30.] Although the bulk of the Magistrate Judge's discussion regarding this claim appropriately addresses the trial court's ruling as well as the rulings on direct appeal, the Court agrees with Petitioner [Doc. 26 at 5] that the *Strickland* standard, which applies to ineffective assistance of counsel claims, is not the correct standard to apply to Ground Three. Nonetheless, upon review, the Court concludes that Petitioner has failed to show that the Supreme Court of South Carolina unreasonably applied federal law or made an unreasonable determination of the facts with respect to Petitioner's claim that her videotaped interview was improperly admitted.

The Fifth Amendment provides that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. In *Miranda v. Arizona*, the Supreme Court recognized that the atmosphere of custodial interrogation in and of itself is inherently coercive. 384 U.S. 436, 458 (1966). To ensure the Fifth Amendment privilege against self-incrimination is not undermined in custodial

7

interrogations, the Supreme Court established certain procedural safeguards for counteracting the compelling pressures inherent in the custodial interrogation setting. *See id.* at 444. One such safeguard is that law enforcement must advise a suspect of his right to counsel and, "[i]f the individual states that he wants an attorney, the interrogation must cease until an attorney is present." *Id.* at 474. In *Edwards v. Arizona*, 451 U.S. 477 (1981), the Court explained that "it is inconsistent with *Miranda* and its progeny for authorities, at their instance, to reinterrogate an accused in custody if he has clearly asserted his right to counsel." *Id.* at 485. Thus, when a suspect "expresse[s] his desire to deal with the police only through counsel," law enforcement cannot interrogate him "until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with" law enforcement. *Id.* at 484–85. If law enforcement does "subsequently initiate an encounter in the absence of counsel (assuming there has been no break in custody), the suspect's statements are presumed involuntary and therefore inadmissible as substantive evidence at trial, even where the suspect executes a waiver and his statements would be considered voluntary under traditional standards." *McNeil v. Wisconsin*, 501 U.S. 171, 177 (1991).

Here, the trial court held a hearing pursuant to *Jackson v. Denno*, 378 U.S. 368 (1964),[5] to determine whether Petitioner's interview would be admitted into evidence at trial. [App. 16–49.] During that hearing, Petitioner and one of the officers who had

---

[5] In *Jackson v. Denno*, the Supreme Court held that a criminal defendant has a constitutional due process right to litigate, at some stage of his criminal trial, whether his pretrial statement to law enforcement, sought to be introduced against him by the prosecution, had been voluntarily rendered and to have a fair hearing and reliable determination on that issue uninfluenced by the truth or falsity of the statement itself. 378 U.S. at 376–78.

interviewed her both testified that, when she arrived at the Conway Police Department, Petitioner was given *Miranda* warnings and signed an advisement of rights form indicating that she waived her rights. [App. 17–18, 20–22, 39–42.] The officer testified that he asked Petitioner if she wanted an attorney present, she responded that she did not, and she did not ask for an attorney at any point during the interview. [App. 23, 27.] Petitioner testified that, just before she was transported from the Darlington County Detention Center, she asked the Marshal if she was going to need an attorney. [App. 36.] Petitioner also testified that, after she arrived in Conway, she asked, "I need an attorney for this, don't I?" and said, "I need an attorney for this." [App. 36–37.] The trial court concluded that Petitioner freely and voluntarily gave her statement, that she was advised of her rights in compliance with *Miranda*, and that she knowingly understood and intelligently waived those rights. [App. 44–45.] Accordingly, the trial court ruled that the statement at issue would be admitted into evidence. [App. 45.] When Petitioner's counsel objected and argued that it was uncontradicted that Petitioner invoked her right to counsel and, therefore, the questioning should have stopped at that point, the trial court concluded that Petitioner's "testimony on that issue [was] simply not plausible" and that its ruling that the statement would be admitted would stand. [App. 45–49.]

The South Carolina Supreme Court upheld the trial court's ruling. [App. 755–64.] Concluding that the trial court's finding that Petitioner lacked credibility was supported by the record, the court held that Petitioner's statement was voluntary and that she could not establish that she invoked her right to counsel such that further questioning was prohibited. [App. 762–64.]

9

Upon review, the Court concludes that the South Carolina Supreme Court's decision was neither contrary to nor an unreasonable application of Supreme Court precedent. First, the court correctly applied *Smith v. Illinois*, 469 U.S. 91, 95 (1984), in which the petitioner asserted that police improperly elicited a confession after he requested assistance of counsel and thus, the trial court's refusal to suppress the confession violated *Miranda* and *Edwards*. Second, the record fails to demonstrate that the state court confronted a set of facts that were materially indistinguishable from those considered in a decision of the Supreme Court but arrived at a result different from Supreme Court precedent. Indeed, Petitioner does not direct the Court to any Supreme Court decision with materially indistinguishable facts that was decided differently. [*See* Docs. 21 at 8–10; 26 at 5–6.]

Moreover, Petitioner has not shown that the state court's decision was an unreasonable application of the facts. In a federal habeas case, "the voluntariness of a confession is not a state-court factual finding entitled to a presumption of correctness"; however, the "subsidiary factual findings of the state court are still entitled to a presumption of correctness." *Green v. Jackson*, 9:23-cv-01945-BHH-MHC, 2024 WL 4486964, at *11 (D.S.C. July 16, 2024), *Report and Recommendation adopted by* 2024 WL 4344684 (D.S.C. Sept. 30, 2024). As stated, the state supreme court concluded that the trial court's finding that Petitioner lacked credibility was supported by the record. [App. 762–64.] This Court is bound by the state courts' factual determinations unless Petitioner can rebut them with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). She has not done so here. The trial court, after hearing the relevant testimony, found that Petitioner's testimony was not credible. [App. 45–49.] Federal courts have "no license to redetermine

10

credibility of witnesses whose demeanor has been observed by the state trial court, but not by them." *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983).  Here, as noted by the state supreme court, in addition to the trial court having the benefit of observing Petitioner's demeanor on the stand, Petitioner's testimony revealed that she "could not recall with much specificity where or to whom she invoked her right to counsel, and [she] fumbled in her responses as to whether her request was unequivocal."[6]  [App. 763.]  Based on the record before it, this Court concludes that the trial court "was entitled to its skepticism about Petitioner's testimony, and [this Court has] no warrant to intrude."  *Cagle v. Branker*, 520 F.3d 320, 325 (4th Cir. 2008).  Accordingly, the Court concludes that Respondent is entitled to summary judgment on Ground Three.

**Grounds Four and Five**

The Magistrate Judge concluded that Grounds Four and Five—concerning alleged trial court error in not instructing the jury on self defense and involuntary manslaughter—are not cognizable under § 2254 because the substance of Petitioner's arguments are based on state law.  [Doc. 22 at 30–33.]  In her objections, Petitioner argues these grounds are properly before this Court because the South Carolina law regarding jury instructions is firmly grounded in due process and thus the issues are interwoven.  [Doc. 26 at 7–9.]  Petitioner further asserts that her due process rights were violated when the trial court refused to give a jury instruction on the lesser-included offense of involuntary manslaughter and on self defense.  [*Id.* at 9–12.]

---

[6] The Court notes that the Supreme Court has declined "to extend *Edwards* and require law enforcement officers to cease questioning immediately upon the making of an ambiguous or equivocal reference to an attorney."  *Davis v. United States*, 512 U.S. 452, 459 (1994).

11

As an initial matter, the Magistrate Judge correctly concluded that Grounds Four and Five are not cognizable on federal habeas review insofar as they raise issues of state law and "Petitioner did not present th[ese] issue[s] on appeal in the context of a federal constitutional claim." *Stewart v. Warden of Lieber Corr. Inst.*, 701 F. Supp. 2d 785, 792 (D.S.C. 2010). Nor does Petitioner raise the issue in this Court as one of federal law. [*See* Doc. 1 at 7–9.] Petitioner now contends that the federal due process claims are interwoven with the state-law issues because the South Carolina cases analyzing the failure to give a lesser-included instruction rely on federal constitutional law regarding due process. [Doc. 26 at 7–9.] However, the Court notes that the cases Petitioner cites for this proposition [*id.* at 7 n.3, 9 n.4] were not included in Petitioner's final brief on direct appeal [*see* App. 518–44]. Moreover, a review of the case law Petitioner relied on in her direct appeal brief reveals that those cases do not mention due process. Accordingly, the record does not support Petitioner's assertion that the constitutional claim was raised to and ruled on by the state courts. Therefore, the Court agrees with the Magistrate Judge that these grounds are not cognizable.[7]

---

[7] Even if the grounds were cognizable, they would fail. As the Fourth Circuit has explained, in an unpublished opinion,

> [T]he Supreme Court has never held that due process requires lesser-included instructions in non-capital state trials. *See Beck v. Alabama*, 447 U.S. 625, 638 n. 14 (1980) (expressly reserving this issue). Moreover, a review of decisions from other courts of appeals establishes that there is no consensus on this question. Consequently, a decision in [the petitioner's] favor would require the enunciation and retroactive application of a new rule, in violation of § 2254(d)(1) and *Teague v. Lane*, 489 U.S. 288 (1989).

*Robinson v. N.C. Att'y Gen.*, 238 F.3d 414, at *1 (4th Cir. Dec. 7, 2000) (unpublished table decision); *see Dennis v. Warden of Perry Corr. Inst.*, No. 6:20-3973-JD-KFM, 2021

**Ground Six**

In analyzing Petitioner's claim that her trial counsel was ineffective for allowing the trial judge to block questioning related to Petitioner's intent at the time of the shooting, the Magistrate Judge concluded that this ground is procedurally barred because it was not raised to and ruled on by the PCR court and that Petitioner has failed to demonstrate that the procedural default should be excused. [Doc. 22 at 33–36.] In her objections, Petitioner does not object to the Magistrate Judge's conclusion that this ground is procedurally barred but argues that the procedural default should be excused under *Martinez v. Ryan*, 566 U.S. 1 (2012), because PCR counsel was ineffective. [Doc. 26 at 12–14.]

For the reasons stated by the Magistrate Judge [Doc. 22 at 33–36], Petitioner has not shown that the procedural default of Ground Six should be excused under *Martinez*. Accordingly, summary judgment is granted to Respondent on Ground Six.[8]

---

WL 5361835, at *11 (D.S.C. May 17, 2021) (concluding that a claim that the trial court erred by not including a charge for a lesser-included offense was not cognizable on federal habeas review), *Report and Recommendation adopted by* 2021 WL 4991529 (D.S.C. Oct. 27, 2021). Further, a federal habeas court's review of purportedly erroneous jury instructions is limited to assessing whether the instructions "so infected the entire trial that the resulting conviction violates due process." *Estelle v. McGuire*, 502 U.S. 62, 72 (1991) (internal quotation marks omitted). Petitioner fails to meet this standard.

[8] In her objections, Petitioner also "objects to the use of [the] AEDPA to restrict her habeas rights," arguing that the "AEDPA should be declared unconstitutional." [Doc. 26 at 14–15.] However, her claim that the AEDPA is unconstitutional was not raised in the Petition, and the Court is under no obligation to consider new claims raised in objections to the Report. *See Samples v. Ballard*, 860 F.3d 266, 275 (4th Cir. 2017) ("[T]here was no obligation for the district court to hear either of the new claims made by [the petitioner] in his objections to the PF&R."). Accordingly, the Court declines to address this objection.

## **CONCLUSION**

Based upon the foregoing, the Court accepts in part and modifies in part the Report and Recommendation of the Magistrate Judge, incorporating it by reference to the extent it is not inconsistent with this Order. Accordingly, Respondent's motion for summary judgment [Doc. 13] is GRANTED and the § 2254 petition [Doc. 1] is DENIED.

## **CERTIFICATE OF APPEALABILITY**

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(2) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A petitioner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of the constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322 (2003); *Slack v. McDaniel*, 529 U.S. 473 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).

In this case, the Court concludes that the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

IT IS SO ORDERED.

s/Jacquelyn D. Austin
United States District Judge

Florence, South Carolina
May 5, 2025